## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN |
|---|---|

| Name (under which you were convicted): Keith L. Carnes | Docket or Case No.: 16CR03006321 |
|---|---|

| Place of Confinement : Crossroad Correctional Center | Prisoner No.: 161267 |
|---|---|

| Petitioner (include the name under which you were convicted) Keith L. Carnes | v. | Respondent (authorized person having custody of petitioner) State of Missouri |
|---|---|---|

| The Attorney General of the State of Missouri |
|---|

### PETITION

Evidential
Hearing
"Request"

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Jackson County Court House of Missouri
    415 E. 12th Street
    Kansas City, MO. 64106
    (b) Criminal docket or case number (if you know): 16CR03006321

2.  (a) Date of the judgment of conviction (if you know): Tuesday, November 22, 2005
    (b) Date of sentencing: Friday, March 10th 2006

3.  Length of sentence: Life Without Parole

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    First Degree Murder
        and
    Armed Criminal Action

6.  (a) What was your plea? (Check one)

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| ☒ | (1) | Not guilty | ☐ | (3) | Nolo contendere (no contest) |
| ☐ | (2) | Guilty | ☐ | (4) | Insanity plea |

2

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury  ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Western District, Missouri Court of Appeals

(b) Docket or case number (if you know): WD # 67426

(c) Result: Judgement Affirmed

(d) Date of result (if you know): October 2, 2007

(e) Citation to the case (if you know): 241 S.W. 3d 344 (Mo. App. 2007)

(f) Grounds raised: "Other bad acts" and "Insufficiency of the Evidence (under Deliberation) are the two out of 11 grounds I requested my Direct appeal attorney Ruth Sanders #53256 to raise or atleast attach to the back of her brief. One of the 11 I sent her was a fully developed claim of (Insufficiency of the Evidence, in that the lack of physical, and medical evidence clearly supported a finding of not guilty) but Ms. Sanders choose to argue this ground under deliberation

(g) Did you seek further review by a higher state court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Name of court: (Western District, Mo. Court of Appeal) "Motion for a Rehearing "Pro se" (Missouri Supreme Court) "Pro'se" Application for Transfer)

(2) Docket or case number (if you know): WD # 67426

(3) Result: Judgement Affirmed

(4) Date of result (if you know): (Mo. Court of Appeal November 20, 2007) (Mandate issued January 24, 2008)

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know): 241 S.W. 3d 344 (mo.app.2007)

(6) Grounds raised: "other bad acts"

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Circuit Court of Jackson County, Missouri at Kansas City

(2) Docket or case number (if you know): 0816-CV04757

(3) Date of filing (if you know): Pro'SE Rule 29.15 Timely Filed on February 15, 2008, amended motion filed August 7, 2008

(4) Nature of the proceeding: Rule 29.15

(5) Grounds raised:
1) ineffective assistance of trial counsel for failing to consult or retain a independant forensic consultant to testify at trial
2) ineffective assistance of trial counsel for failing to contact, interview potential witness "Marco Thomas" and call to testify for defense
3) ineffective assistance of trial counsel for failing to move to exclude the trial testimonies of Lorianne Morrow and Wendy Lockett.
4) ineffective assistance of appellate counsel Ruth Sander when she failed to raise the following claim in appellants direct appeal:
   a) the identification procedures used by the police were suggestive
   b) trial court erred by not ruling on appellants motion for a pre-trial evidentiary hearing to discuss, discovery and suppression of certain witnesses
   c) trial court erred in overruling motion to dismiss after appellant was denied speedy trial etc.... "Bad faith"
   d) trial court erred in admitting State's EX.45, the prior inconsistent statement of Felica Jones, into evidence at trial.
   E) "Brady Violation" appellant maintains that the State prevented crime scene photos to be give to appellant independant expert, before sentencing, etc...
   f) trial court erred in allowing the testimony of Det. Hoffman, regarding uncharged crimes
   g) trial court erred in overruling appellant Pro'se motion to exclude the testimony of Wedny Lockett and allowing her to testify/
   h) tr.al court erred in overruling appellants Pro'se motion to Discharge due to "Defects" in the charging document etc... 180 day time limit etc...
   i) trial court erred in overruling appellants second motion for Bill of Particulars, without even considering the motion
   J) appellant maintained that the cumulative errors of the trial court violated his rights of the 5th, 6th, + 14th amend. of the Const. Art.
   The following claims were provided to Direct appeal Attorney Ruth Sanders before the brief was due to be filed, Despite appellant request, attorney only raised 2 claims and she did not fully brief those 10) Mo.Const.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes  ☐ No

(7) Result: Denied relief, Judgement affirmed

(8) Date of result (if you know): July 26, 2010

**AO 241**
**(Rev. 12/04)**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Circuit Court of Jackson County MO. and Western District Court of Appeals

(2) Docket or case number (if you know): 0816-CV04757 and WO#74311

(3) Date of filing (if you know): August 16,2010 and September 9, 2011

(4) Nature of the proceeding: Motion to Reopen Rule 75.01, Writ of Mandamus

(5) Grounds raised:

"Motion to Reopen Rule 7501" raised under the grounds that the motion court did not give finding of fact and Conclusion of law on all ground presented/submitted in appellants Rule 29.15 motion, particulary Claim #3(8(G)) regarding the "insufficiency of the evidence", in that the physical, material and forensic Evidence was in such logical conflict with the state's theory from its Eyewitnesses testimonies, that it violated appellants rights to Due Process of Law, Amend 5,6,14 of MO. Const.

"writ of mandamus" was filed for the motion court to issue findings of fact and Conclusions of Law pursuant to Rule 29.15(J) regarding appellants "insufficiency of the evidence" claim 3(8(G)) that was submitted in appellants Rule 29.15 motion

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Relief Denied, Judgement affirmed

(8) Date of result (if you know): (Rule 75.01 Denied September 9, 2010)(Writ of Mandamus Denied October 3, 2011)

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Western District, MO. Court of appeals and MO. Supreme Court

(2) Docket or case number (if you know): WD#72916   and WO#72916

(3) Date of filing (if you know): November 18, 2011   and January 9, 2012

(4) Nature of the proceeding: Pro'SE "Motion for Rehearing"   and Pro'se " application for Transfer"

(5) Grounds raised:

Ineffective assistance of Trial counsel for failing to investigate, consult or retain a independant forensic crime scene reconstructionist to testify at trial

5

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied Relief, Judgement Affirmed

(8) Date of result (if you know): Motion for Rehearing Denied    (application for Transfer Denied
                                   November 8, 2011)              by the Mo. Supreme Court
                                                                  January 18, 2012

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☒ Yes   ☐ No

(2) Second petition:   ☒ Yes   ☐ No

(3) Third petition:      ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
       remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
       grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: "NEWLY DiSCOVErEd EvidENCE"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Supporting Facts located in the Back
Memorandum

(b) If you did not exhaust your state remedies on Ground One, explain why:
"NEWly DiscovErEd EvidENCE"

(c)　　**Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

NEWLY DISCOVEREd EVidEncE

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes *and* ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: RulE 29.15

Name and location of the court where the motion or petition was filed:

Circuit Court of Jackson County House of Missouri

Docket or case number (if you know): 0816-CV04757

Date of the court's decision: July 26, 2010

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?　　☒ Yes　☐ No

(4) Did you appeal from the denial of your motion or petition?　　☒ Yes　☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　☐ Yes　☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

WESTERN District, Missouri Court of Appeals

Docket or case number (if you know): WD# 72916

Date of the court's decision: NOVEMBER 8, 2011

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NEWLY DISCOVEREd EVidEncE wasn't fully dEVELOPEd
but appEllant "insinuatEd" its prESENCE
at the RulE 29.15 Evidentiary HEaring, pg. 119-125
Transcript

AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** "Sufficiency of the Evidence"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Supporting Fact located in the Back Memorandum

(b) If you did not exhaust your state remedies on Ground Two, explain why:
I felt that my Direct appeal attorney Ruth Sander, blEw my chance of winning the argument at that stage of the proceeding, when she choose to not argue the fully developed claim the way I presented it to her and asked her to attach my argument to the back of her brief. She didnt attach it and she decided to argue the claim the opposite way I submitted it, she choose to argue it under "Deliberation"

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes and ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
Direct appeal attorney did not raise it properly

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 75.01 and Writ of Mandamus

Name and location of the court where the motion or petition was filed:
Circuit Court of Jackson County, MO and WESTERN District Court of appeals

Docket or case number (if you know): 0816-CV04757 and WD#74311

Date of the court's decision: Denied SEptEmbEr 9, 2010 and Denied October 3, 2011

8

AO 241
(Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):

DENIED

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
WESTErn District Court of Appeals of Missouri

Docket or case number (if you know): WD#74311

Date of the court's decision: October, 2011

Result (attach a copy of the court's opinion or order, if available):
DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two after I appealed the Rule 75.01 denial I was required to pay a filing fee of $47.15 to the WESTErn District Court of Appeals, which I paid, and then immediately denied relief on the claim, then I was required to pay another $70.00 filing fee if I wanted to proceed with that claim to the MO. SuprEmE Court, which I felt the first fee should have covered, so basically I was Exhausted finacially to proceed to the MO. SuprEmE Court.

GROUND THREE:
Exclude The Eyewitness Testimony of Wendy Lockett and Lorianne Morrow

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Supporting Facts located in the back Memorandum

Case 4:12-cv-00416-BP   Document 1   Filed 03/30/12   Page 8 of 15

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:
Ruth Sanders my Direct Appeal attorney told me I couldn't raise it and the proper stage to raise it would be on my Rule 29.15 motion

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 29.15

Name and location of the court where the motion or petition was filed:
In the Circuit Court of Jackson County, Missouri

Docket or case number (if you know): 0816-CV04757

Date of the court's decision: July 26, 2010

Result (attach a copy of the court's opinion or order, if available):
Denied

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
WESTErn District, Missouri Court of Appeals

Docket or case number (if you know): WD#72916

Date of the court's decision: November 8, 2011

Result (attach a copy of the court's opinion or order, if available):
Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

My Post-Conviction attorney Susan Hogan #33194 refused to raise this and other claims I suggested and in the End she only raised "One Claim" out of the many that were presented in the Rule 29.15 motion.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Ineffective assistance of Trial Counsel for failing to investigate, consult, retain and call a independent forensic

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Expert to testify at Trial

Supporting Facts located in the Back Memorandum

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My Direct appeal attorney Ruth Sanders #53256 refused to raise this, after I requested her to.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 29.15

Name and location of the court where the motion or petition was filed:
In The Circuit Court of Jackson County, Missouri

Docket or case number (if you know): 0816-CV04757

Date of the court's decision: July 26, 2010

Result (attach a copy of the court's opinion or order, if available):
DENIED

(3) Did you receive a hearing on your motion or petition?                                    ☒ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?                          ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Western District, Missouri Court of Appeals

Docket or case number (if you know): WD#72916

Date of the court's decision: November 8, 2011

Result (attach a copy of the court's opinion or order, if available):
DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:
Pro'SE Motion for Rehearing and Pro'SE Application for Transfer

AO 241
(Rev. 12/04)

13.     Please answer these additional questions about the petition you are filing:

     (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☐  Yes   ☒  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

Ground 2 and Ground 3 were by-passed by my direct appeal and 29.15
attorneys, where they only raised what they felt had merit. Ground 1 was
not fully develope as newly Discovered Evidence until more recently.

     (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?   ☐  Yes   ☒  No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?   ☐  Yes   ☒  No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

      raised.

13

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:
"not Guilty"; Mark H. Forest #34801  324 E. 11th street Suite 1312 KCMO, MO. (816) 472-0082

(c) At trial: Willis L. Toney #29661   City Center Square, 1100 Main St. Executive Ste. 1600 KCMO MO. 64105
(816) 753-3904 (816) 474-1700

(d) At sentencing: Willis L. Toney #29661

(e) On appeal: Ruth B. Sander #53256, Scarritt Bldg, Suite 200, 818 Grand Ave. KCMO MO. 64106
(816) 889-7699

(f) In any post-conviction proceeding: Susan Hogan #33194, 920 Main Street Suite 500 KCMO MO. 64105
(816) 889-2095

(g) On appeal from any ruling against you in a post-conviction proceeding:

Pro 'SE

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

15

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Appellant, Keith L. Carnes prays the Court:
1) To set aside his conviction and sentence and order him discharged for the reasons set forth in Grounds 1,2,3, and 4 or 2) in the alternative conduct an "Evidentiary hearing" concerning the allegations of fact contained and, upon hearing, set aside his conviction and sentence and order his discharge for the reasons set forth in Grounds 1,2,3 and 4, that support his claim of "actual innocence"
or any other relief to which petitioner may be entitled.

_Keith L. Carnes_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  3/29/2012  (month, date, year).

Executed (signed) on  3/29/2012  (date).

_____ 3-29-12
Notary

_Keith Carnes_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

VINCENT NEGUS
Notary Public - Notary Seal
STATE OF MISSOURI
DeKalb County
My Commission Expires: 11-18-2013
Commission # 09886623

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *